UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Case No. 09-cr-10096 |
| WILLIAM DICKERSON, | ) ) ) | |
| Defendant. | ) | |

## O R D E R & O P I N I O N

This matter is before the Court on Defendant's Motion for a New Trial Pursuant to Federal Rule of Criminal Procedure 33. (Doc. 47). For the reasons stated below, the Motion is dismissed in part and denied in part.

A jury convicted Defendant of Assault on a Federal Employee on February 8, 2010, before this Court. (2/8/2010 Minute Entry). He was later sentenced to a term of 70 months. (6/11/2010 Minute Entry). Chief Judge James Shadid denied Defendant's Motion under 28 U.S.C. § 2255 on August 4, 2011. (11-cv-1113: 8/4/2011 Minute Entry). Both Judge Shadid and the Seventh Circuit found that Petitioner had made no substantial showing of the denial of a constitutional right in his claim that his counsel had provided constitutionally ineffective assistance by failing to file a notice of appeal, and so declined to issue a Certificate of Appealability. (11-cv-1113: Docs. 19 & 26). Defendant now moves for a new trial under Rule 33 of the Federal Rules of Criminal Procedure, on two separate bases. (Doc. 47). The Motion must be denied as to both claims.

First, Defendant asserts that the prosecution withheld information relating to the fact that a witness for the prosecution had previously cooperated with the government in another case. (Doc. 47 at 4). He claims that disclosure of such information would have changed the outcome of his trial. Allegations that the prosecution failed to reveal pertinent evidence to the defense are constitutional claims arising under *Brady v. Maryland*, 373 U.S. 83 (1963). As the Seventh Circuit has explained, though, the "Rule 33 deals with contentions that evidence discovered after trial shows that the accused is innocent." *United States v. Rollins*, 607 F.3d 500, 504 (7th Cir. 2010). However, claims "that the prosecutor withheld some information during discovery…are standard contentions under 28 U.S.C. § 2255. [The Seventh Circuit has held] that a post-trial motion making arguments within the scope of § 2255(a) is a motion under that statute, even if it bears the caption "FED. R. CRIM. P. 33." *Id.* (citing *Melton v. United States*, 359 F.3d 855 (7th Cir. 2004); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000)). *See also United States v. Fuller*, 421 Fed.Appx. 642, 645 (7th Cir. 2011) (citing *Evans*, 224 F.3d at 674) ("a *Brady* claim is not an appropriate ground for a Rule 33 motion because it constitutes a collateral attack on a conviction that must be brought in a motion under 28 U.S.C. § 2255."). Defendant's claim must therefore be brought in a Motion under § 2255. Because Defendant has already pursued a previous § 2255 Motion to completion, and has not obtained permission from the Court of Appeals to file a second § 2255 Motion, this Court does not have jurisdiction to consider it and must dismiss this claim for lack of jurisdiction. *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005); *Melton*, 359 F.3d at 857.

Petitioner also claims that the prosecution replaced jury instruction 14, which had been previously agreed-to, with instruction 14A, without giving the defense any forewarning, and that, despite defense counsel's objection, the instruction 14A was given to the jury. (Doc. 47 at 4-5). This claim is not based on newly discovered evidence, and so is subject to Rule 33(b)'s 14-day time limit. As the jury issued its verdict on February 8, 2010, almost three years ago, this portion of Defendant's Rule 33 Motion is obviously untimely and must be denied on that basis.

IT IS THEREFORE ORDERED that Defendant's Motion for a New Trial Pursuant to Federal Rule of Criminal Procedure 33 (Doc. 47) is DISMISSED IN PART and DENIED IN PART. The Motion is DISMISSED FOR LACK OF JURISDICTION insofar as it alleges a violation of *Brady v. Maryland* by the prosecution, and DENIED AS UNTIMELY insofar as it complains of the Court's use of jury instruction 14A.

CASE TERMINATED.


Entered this 5th day of February, 2013.

                                                      s/ Joe B. McDade
                                                      JOE BILLY McDADE
                                        United States Senior District Judge